

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-77,055

**RANDALL WAYNE MAYS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPEAL FROM THE DENIAL OF A MOTION
### TO DETERMINE EXECUTION COMPETENCY
### FROM CAUSE NO. B-156,717 IN THE 392ND DISTRICT COURT
### HENDERSON COUNTY

**KELLER, P.J., filed a dissenting opinion in which MEYERS, J., joined.**

Mental illness and incompetence to be executed are not the same thing.[1] Appellant has

produced evidence that he is mentally ill, but he has produced no evidence that he fails to understand

(1) that he is to be executed and the execution is imminent or (2) the reason he is to be executed.

There is simply no evidence that anyone has ever asked appellant if he understands that he is to be

executed and that his execution is imminent. Nor is there any evidence that anyone has asked him

if he understands that he is being executed for the capital murder of two peace officers. I agree with

---

[1] *See Ferguson v. Sec'y, Fla. Dep't of Corr.*, 716 F.3d 1315, 1336 n.4 (11th Cir. 2013); *State ex rel. Cole v. Griffith*, 460 S.W.3d 349, 356 (Mo. 2015).

most of the Court's analysis regarding the proper standard of review, but I do not agree with its

application to the facts in this case.

I respectfully dissent.

Filed: December 16, 2015
Publish